The judgment is reversed, and the cause remanded.

REVERSED AND REMANDED.

### ED. FIELDS v. THE STATE.

1. CONFESSIONS MADE WHILE UNDER ARREST.—See testimony held sufficient proof of the *corpus delicti* accompanying confessions of guilt made by the defendant while under arrest to warrant the admission of such confession.

APPEAL from Hays.    Tried below before the Hon. J. P. Richardson.

Ed. Fields was indicted, tried, and convicted for robbery, and his punishment fixed at five years' confinement in the penitentiary.

*W. O. Hutchinson,* for appellant, cited 1 Greenl. Ev., § 217.

*George Clark, Attorney General,* for the State, cited Pas. Dig., arts. 2379, 3126, 3127; 2 East. P. C., 708, 709; Rex *v.* Gascoigne, 1 Leach, 280; Greer *v.* State, 31 Tex., 129; Cain *v.* The State, 18 Tex., 390; Holdeman *v.* Craft, Dec. T., 1845; 1 Greenl. Ev., §§ 217, 219, 246, 248.

REEVES, ASSOCIATE JUSTICE.—The indictment charges the defendant with robbery, for which he was tried and convicted; and his motion for a new trial being overruled, he appeals and assigns for error—

1. That the court erred in charging the jury that it was not necessary to show how the assault was committed.

2. A conviction cannot be sustained upon the confession of the defendant, without the *corpus delicti* is proved from some other source.

It will be convenient to consider the assignments together.

The Code defines the offense of robbery as follows: "If any person, by assault or by violence, and putting in fear of life or bodily injury, shall fraudulently take from the person or possession of another any property with intent to appropriate the same to his own use, he shall be punished by confinement in the penitentiary for a term not less than two nor more than ten years." (Article 2379.)

Unless the confession of the accused should have been excluded from the jury, the evidence warrants the verdict. Looking to the confession and the attending circumstances in evidence, it was shown that the money was taken by violence and by putting the injured party in fear, if not

of life, certainly of bodily injury, as charged in the indictment.

It is fully proved that the confession was freely made, without compulsion or persuasion, after the accused had been cautioned that his statement might be used as evidence against him; and the circumstances under which it was made leave no room to doubt that it was truly made. It was shown that Gonzales, the injured party, made complaint on the night of the robbery. The witness says he was quite bloody. He related his injuries, and described the man who had perpetrated them, and he afterwards identified him. He was arrested for robbing Gonzales, and voluntarily confessed his guilt, as proved by two or more witnesses, one being the jailer and another a justice of the peace. The confession was made in the presence of the party robbed, who, as the witnesses state, had his head bound up, and his clothing was saturated with blood. This occurred the day after the robbery.

Our opinion is that the confession was properly received, and that the *corpus delicti* was sufficiently proved to justify the conviction. (Code of Procedure, arts. 3126, 3127; 1 Greenl. Ev., § 219.

AFFIRMED.